| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------X<br><br>UNITED STATES OF AMERICA<br><br><br>v.<br><br><br>MICHAEL MOYNIHAN,<br><br>     Defendant.<br>-------------------------------------------------------------X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: February 23, 2021 |

11-CR-991 (KMW)
**OPINION & ORDER**

KIMBA M. WOOD, District Judge:

Defendant Michael Moynihan has moved to reduce his sentence under the federal compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), in light of COVID-19. (ECF No. 189.) The Government opposes the motion. (ECF No. 194.) For the reasons that follow, Defendant's motion is DENIED.

## BACKGROUND

Defendant was arrested on September 15, 2011 for conspiring to distribute and possess with intent to distribute large quantities of methamphetamine. (Gov't Opp'n at 1-2; Mot. at 2.)

On June 28, 2012, Defendant pleaded guilty to conspiring to distribute and possess with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (Gov't Opp'n at 2.)

On January 23, 2013, the Court sentenced Defendant to 186 months' imprisonment. (*Id*.) In sentencing Defendant, the Court took into consideration the fact that Defendant brokered large quantities of methamphetamine, had a history of narcotics offenses, and had prior violations of

parole. (*Id.*; Sent. Tr. at 39-40, ECF No. 126.) In mitigation, the Court recognized Defendant's difficult family history, his learning disabilities, and that he had been injured by others while incarcerated. (*Id.*)

Defendant is currently serving his sentence at FCI Butner Medium I, one of four facilities within the Federal Correctional Complex, Butner. (*See* Mot. at 2, 11; Gov't Opp'n at 3.) His projected release date is on or about June 16, 2023. (Mot. at 2.)

On May 14, 2020, Defendant submitted an application for compassionate release to the Warden of the Metropolitan Detention Center ("MDC"), where Defendant was previously incarcerated. (*Id*. at 4.) The Warden of the MDC denied Defendant's request on May 22, 2020. (*Id*. at 4, Ex. B; Gov't Opp'n at 2.)

On January 8, 2021, Defendant filed the present motion. The Government filed its opposition to the motion on February 8.

## LEGAL STANDARDS

Pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion of the Director of the Bureau of Prisons ("BOP"), or upon motion of the defendant. A defendant may move under § 3582(c)(1)(A) only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[1] *Id.*

A court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with the applicable policy

---

[1] Defendant's motion is properly before the Court because 30 days have elapsed since the date of Defendant's request to the Warden of MDC. (Mot. at 4.)

2

statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i). The court has discretion to consider "the full slate of extraordinary and compelling reasons" an inmate presents. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). In light of the COVID-19 pandemic, these reasons may include whether a defendant is at increased risk of suffering serious illness from the virus. *See, e.g.*, *United States v. Jones*, 2020 WL 6131252, at *3 (S.D.N.Y. Oct. 19, 2020) (Swain, J.).

In determining whether to grant a motion for compassionate release, courts must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) (the "sentencing factors"). 18 U.S.C. § 3582(c)(1)(A). Even if extraordinary and compelling reasons for compassionate release exist, courts may deny the motion if the section 3553(a) sentencing considerations outweigh those compelling reasons. *See, e.g.*, *United States v. Butler*, 2020 WL 1689778, at *3 (S.D.N.Y. Apr. 7, 2020) (Engelmayer, J.).

## DISCUSSION

Defendant seeks compassionate release on the ground that he faces a heightened risk of serious illness or death from infection with COVID-19 because he suffers from congenital cardiomyopathy, cardiac dysrhythmia, and chronic systolic congestive heart failure. (Mot. at 2, 5-7.) The Government does not dispute that Defendant's medical conditions present an "extraordinary and compelling" reason due to COVID-19. (*See* Gov't Opp'n at 5.) The Court agrees and finds that, in the context of the COVID-19 pandemic, Defendant's medical conditions constitute an extraordinary and compelling reason for granting compassionate release. *See United States v. Gotti*, 2020 WL 7706828, at *3 (S.D.N.Y. Dec. 29, 2020) (McMahon, C.J.).

Nevertheless, the sentencing factors counsel against granting Defendant's motion. Section 3553(a) requires the Court to consider (1) "the nature and circumstances of the offense";

and (2) the need for the sentence imposed (A) "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," (B) "to afford adequate deterrence to criminal conduct," and (C) "to protect the public from further crimes of the defendant." 18 U.S.C. §§ 3553(a)(1)-(2).

Defendant argues that the sentencing factors weigh in favor of granting release because, although he was a broker in a substantial methamphetamine distribution conspiracy, he was non-violent and possessed no weapons in connection with the offense. (Mot. at 12.) Defendant contends that his personal characteristics also favor granting release: his learning disabilities have led to difficulties throughout his life; he is a father and is close to his family; and he argues that he has achieved considerable personal improvement (he pursued an online degree at Ashworth College) and that he has achieved spiritual growth since he was sentenced. (*Id.* at 13.) In addition, Defendant argues that the nearly 10 years that he has served is sufficient to achieve general deterrence, just punishment, and to promote respect for the law. (*Id.* at 14.)

These considerations are outweighed by the seriousness of Defendant's crime and his criminal history. The crime that Defendant committed was very serious because he was responsible for distributing significant quantities of methamphetamine, a highly addictive drug. Moreover, Defendant's criminal history is troubling; it includes, among other things, attempted rape and narcotics dealing. (*See* Gov't Opp'n at 5; PSR ¶¶ 74-85.)

The Court agrees that Defendant's pursuit of a college degree and commitment to religion (Mot. at 2, 8-10) are commendable, but they do not alter the Court's finding in this case.

The Court notes that it took into consideration at sentencing the difficulties that Defendant encountered because of his learning disabilities, and his important role in his family,

4

by imposing a sentence that was 24 months below the bottom of his Sentencing Guideline range. (Sent. Tr. at 39-40.)

In light of these circumstances, the Court finds that granting Defendant compassionate release would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate general deterrence, or protect the public from future crimes of Defendant.

## CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release under § 3582(c)(1)(A) is DENIED.

SO ORDERED.

Dated: New York, New York
      February 23, 2021

                                                 /s/ Kimba M. Wood
                                                KIMBA M. WOOD
                                         United States District Judge